# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERWIN D. STEPHENS,** | : | **CIVIL ACTION NO. 1:05-CV-0425** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **THOMAS HOGAN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of December 2005, upon consideration of defendants' motion to dismiss (Doc. 27) and of the previous order of court directing plaintiff to file a brief in response to the motion or risk dismissal of the above-captioned action for failure to prosecute (Doc. 30), to which plaintiff failed to respond, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff, acting *pro se* in this action, was advised of the necessity of promptly notifying the court of any changes of his current address[1] (Doc. 3) and of responding to defendants' motion

---

[1]The Pike County Correctional Facility represents that plaintiff was removed from the United States to his native country of Guyana by Homeland Security,

and is personally responsible for failing to respond to the motion or orders of court, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion to dismiss, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motion or orders of court (Docs. 3, 27, 30) or to file any documents in the above-captioned case since August 2005 constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court requiring prompt notification of any changes of address (Doc. 3) and directing a response to defendants' motion when previously advised by the court that inaction may result in dismissal of the above-captioned case (Doc. 30) constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motion[2] and because plaintiff is proceeding *in forma pauperis* in this action (Doc. 10), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), it is hereby ORDERED that the complaint (Doc. 1) is

---

Immigration Detention and Deporation in August 2005.  (Doc. 26).  Plaintiff has failed to contact the court since his removal.   The last two court orders were returned to the court as "undeliverable."   (Docs. 25, 31).

[2] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

DISMISSED for failure to prosecute.  The Clerk of Court is directed to CLOSE this file.

                                     /s/ Christopher C. Conner  
                                    CHRISTOPHER C. CONNER  
                                    United States District Judge